IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


ANTHONY ZENO,

       Plaintiff,                         1:05 CV 1353  LJO WMW PC

       vs.                             ORDER DISMISSING COMPLAINT
                                     WITH LEAVE TO
                                     FILE AN AMENDED COMPLAINT

                                     (THIRTY DAY DEADLINE)

DR. BIHARI SHAHI, et al.,

       Defendants.



       Plaintiff is a former state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the complaint.  Plaintiff, an inmate formerly in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

       Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to an inadequate medical care.  Plaintiff's specific allegations relate to his hernia surgery.  On February 18, 2004, Defendant Dr. Shahi administered spinal anesthesia.   Plaintiff alleges that Dr. Shahi administered shots in his lower

1  spine "without x-raying or examination of the area where shots were administered."  As a result,

2  Plaintiff endured back pain for two weeks following his hernia surgery.

3       On March 8, 2004, Plaintiff had X-rays taken of his spine.  Plaintiff alleges that

4  Defendant Dr. Dang made an improper diagnosis, which led to an infectious disease (Plaintiff

5  was later diagnosed with valley fever, a lung infection).

6       On April 6, 2004, Plaintiff was examined by Defendant Dr. Friedman, a pain specialist.

7  Plaintiff alleges that Dr. Friedman improperly diagnosed Plaintiff as having arthritis of the spine.

8       On April 13, 2004, Dr. Dang "continues to prescribe pain medication that he has been

9  prescribing since, March 3, 2004, instead of professionally investigating the problem of Plaintiff

10  Anthony Zeno."

11       On July 12, 2004, Defendant Dr. Bzoski examined an MRI that was taken of Plaintiff's

12  left hip.  Plaintiff alleges that this examination proved to be a mis-diagnosis of an infection.

13       On July 27, 2004, Dr. Hasadri examined Plaintiff's lower spine and hip, "which clearly

14  showed an infection of the spine area."  Plaintiff alleges that Dr. Hasadri acted unprofessionally

15  in that he did not immediately order a biopsy.  On August 3, 2004, Dr. Hasadri ordered that a

16  blood test be done, and incorrectly diagnosed the results as negative.

17       On September 7, 2004, Plaintiff suffered a fall resulting from "his left leg and hip giving

18  out."  Plaintiff was taken to the prison hospital, and seen by the neurologist the next day.  The

19  neurologist, examining the MRI taken in July, diagnosed Plaintiff with "an enormous infection"

20  that, in his view, should have been discovered earlier.  Plaintiff was taken to an outside hospital

21  and underwent surgery.  Plaintiff suffered permanent damage to his left leg, hip and his bladder.

22  Two months later Plaintiff was returned to Corcoran.

23       Plaintiff alleges that the neurologist ordered that Plaintiff be issued an egg crate mattress

24  and a brace.  Plaintiff alleges that he was denied the egg crate and brace.  Plaintiff does not

25  specify who denied him a brace or mattress.  Plaintiff also alleges that he is "sporadically denied"

26

these items.

The statute under which this action proceeds  plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison

1   Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

2        In applying this standard, the Ninth Circuit has held that before it can be said that a

3   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

4   substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

5   cause of action.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

6   Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

7   treating a medical condition does not state a valid claim of medical mistreatment under the

8   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

9   because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

10  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

11  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

12  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

13  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

14  1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

15  deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

16       As to the named defendants, the allegations set forth a claim of negligence, or medical

17  malpractice.  As noted above, even gross negligence is insufficient to state a claim for relief

18  under the Eighth Amendment.  Once prison officials were aware of the condition, the took

19  appropriate steps.

20       Plaintiff does, however, indicate that he was denied a back brace and egg-crate mattress.

21  Plaintiff does not, however, indicate who denied him these things.  In order to state a claim for

22  relief, Plaintiff must identify individuals that knew of and disregarded a serious medical

23  condition of Plaintiff's, resulting in injury to plaintiff.  Vague allegations as to staff in general are

24  insufficient to state a claim for relief.

25       The court finds the allegations in plaintiff's complaint vague and conclusory.   The court

26

4

1    has determined that the complaint does not contain a short and plain statement as required by

2    Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

3    must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

4    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

5    least some degree of particularity overt acts which defendants engaged in that support plaintiff's

6    claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

7    8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

8    amended complaint.

9            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13   there is some affirmative link or connection between a defendant's actions and the claimed

14   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16           In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

17   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

18   complaint be complete in itself without reference to any prior pleading.  This is because, as a

19   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

20   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23           In accordance with the above, IT IS HEREBY ORDERED that:

24           1.  Plaintiff's complaint is dismissed; and

25           2.  Plaintiff is granted thirty days from the date of service of this order to file a

26

first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint." Failure to

file an amended complaint in accordance with this order will result in a recommendation that this

action be dismissed.

IT IS SO ORDERED.

**Dated:    October 22, 2008**              /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE